UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY GAFFORD, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:14-cv-01603-JAR<br>) |
| ROBERT A. MCDONALD,<br>*Secretary, United States*<br>*Department of Veterans Affairs,* | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 3). The Motion is fully briefed and ready for disposition.[1] For the following reasons, Defendant's Motion will be **GRANTED, in part.**

### I. Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S .Ct.1937, 1950 (2009) (citing *Twombly*, 550 U.S. at 556). The pleading

---

[1] Plaintiff's Response appears to have been electronically filed twice, both at Document 6 and Document 7. Because Plaintiff's Response filed at Document 7 also has several attached exhibits, whereas no exhibits were filed in connection with Document 6, the Court treated Document 7 as Plaintiff's Response.

1

standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

Further, to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n. 3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal quotation omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). This is especially true when, as here, a plaintiff is proceeding *pro se*. *Pro se* pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. *Nickless v. Saint Gobain Containers*, 2012 WL 1414849, at *4 (E.D. Mo. Apr. 24, 2012) (citing *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)). *See also Russell v. City of Overland Police Dept.*, 838 F. Supp. 1350 (E.D. Mo.1993). Nevertheless, *pro se* pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. *Nickless*, 2012 WL 1414849, at *4 (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). The Court is "free to

ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Id.* (citing *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir.2002)).

Also, at the motion to dismiss stage, a court generally may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir.2010). In this case, Plaintiff has attached the Equal Employment Opportunity Commission's ("EEOC") decision he received (Doc. 1-1). This decision is necessarily embraced by the complaint, and the Court may consider it in ruling on the Motion to Dismiss.

## II. Background

The facts in the light most favorable to the *pro se* Plaintiff are as follows. Defendant Robert A. McDonald, Secretary, United States Department of Veterans Affairs ("Defendant"), employed Plaintiff Terry Gafford ("Plaintiff") on probationary status at the Jefferson Barracks Veterans Administration facility from March 2009 through October 2009 (Doc. 1 at ¶1). At his 90-day performance appraisal on June 29, 2009, Plaintiff's first-level supervisor rated him "fully successful or better" (*Id.* at ¶6). The appraisal did not include annotations concerning any previous conduct issues (*Id.*).

Plaintiff alleges that in July 2009, during a team meeting, a white female co-worker described the involvement of their first-level supervisor in what Plaintiff labels as a "prohibitive personnel practice" (*Id.* at ¶2). She also stated that she was fearful of retaliation from his first-level supervisor (*Id.*). Similarly, in August 2009, another white female co-worker expressed her

3

concern to Plaintiff that if the first-level supervisor found out that others knew about the practice, "everyone would get in trouble" (*Id.*). Plaintiff later learned that the first-level supervisor had hired two of her white female friends from her former place of employment (*Id.*). Plaintiff describes this as the "prohibited practice" (*Id.*). Plaintiff discussed the practice and "the fearful work environment" with his first-level supervisor (*Id.* at ¶3). The first-level supervisor indicated that she had performed an investigation into the matter, found who started the rumors, and fixed the problem (*Id.*).

Plaintiff's second-level supervisor began working at the facility at the end of August 2009 (*Id.* at ¶3). In September 2009, Plaintiff's second-level supervisor scheduled introductory interviews with the center's staff (*Id.* at ¶8). Between September 22, 2009 and October 22, 2009, Plaintiff's second-level supervisor conducted 37 employee interviews (*Id.*). Plaintiff's second-level supervisor never met with Plaintiff (*Id.*).

On October 22, 2009, Defendant terminated Plaintiff's employment (Doc. 1 at ¶4). At the time of his termination, Plaintiff was 49 years old (*Id.* at ¶¶1, 4). The memorandum of termination included instances of verbal counseling by Plaintiff's first-level supervisor on five separate occasions in 2009 (*Id.* at ¶4). Plaintiff alleges that these instances of verbal counseling did not occur but were fabricated by his first-level and second-level supervisors (*Id.*). He further alleges that this "illegal action" represents a pretext for racial discrimination because there was no punishment for the two other white females who created and spread the rumors of the prohibitive personnel practice (*Id.*). Plaintiff also alleges that two other white males were aware of the prohibitive personnel practice and were not punished (*Id.*). "One of whom the first-level supervisor admitted during the administrative judge hearing was similarly situated to me" (*Id.*).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on race, age, and in reprisal for prior EEO activity (Doc. 1-1 at 1). On June 13, 2014, the EEOC affirmed the Agency's final order finding no discrimination (*Id.*).

Plaintiff thereafter filed this action *pro se* against Defendant, alleging that Defendant discriminated against him because of his race, age, and veteran status and retaliated against him because of (1) his conversations with his co-workers regarding the first-level supervisor's "prohibitive personnel practice" of hiring two of her white female friends from her former place of employment" (Doc. 1 at ¶2); (2) his conversation with his first-level supervisor regarding the "prohibitive personnel practice" and the fearful work environment (*Id.* at ¶3).

On November 12, 2014, Defendant filed a Motion to Dismiss. In his motion, Defendant asserts that the Court should dismiss Plaintiff's discrimination claim based on his veteran status because Plaintiff failed to exhaust his administrative remedies with respect to this claim. Defendant also argues that all the claims should be dismissed because Plaintiff fails to allege sufficient facts. Specifically, Defendant asserts the following: (1) the retaliation claim does not allege a protected activity; (2) the race and veteran status discrimination claims allege no facts from which this Court might find that Defendant treated a probationary employee who complained and made flippant comments to supervisors better than he treated Plaintiff; and (3) the age discrimination claim pleads no facts that, if believed, make it more plausible that Defendant discriminated against Plaintiff based on his age.

## III. Analysis

### A. Veteran's Status Claim

Defendant asserts that the Court should dismiss Plaintiff's discrimination claim based on his veteran status because Plaintiff failed to exhaust his administrative remedies with respect to this claim. Enacted by Congress in 1994, USERRA prohibits employment discrimination on the basis of military service. 38 U.S.C. § 4301 *et seq*. In addition to creating these substantive rights, USERRA sets forth a detailed scheme for enforcement of rights under the Act. Under § 4323, claims under USERRA against "States" and "private employers" may be brought in federal district court. 38 U.S.C. § 4323. Under § 4324, claims against "Federal executive agencies" may be brought before the Merit Systems Protection Board ("MSPB"). 38 U.S.C. § 4324. Thus, in contrast to the procedure established for employees of "States" or "private employers," who may file claims in federal district court, USERRA requires that an aggrieved Department of Veteran's Affairs employee first file a claim with the MSPB. Thereafter any appeal of the MSPB decision on USERRA cases must be brought before the United States Court of Appeals for the Federal Circuit. 38 U.S.C.A. § 4324(d)(1).

Because Plaintiff never presented his claim for discrimination based on his veteran status to the MSPB, the Court must dismiss Plaintiff's USERRA claim for lack of subject matter jurisdiction. *Ziegler v. Kempthorne*, 266 F. App'x 505, 506 (8th Cir. 2008). Accordingly, Plaintiff's veteran status claim will be dismissed without prejudice.

### B. Retaliation Claim

Defendant argues that Plaintiff fails to sufficiently allege a retaliation claim because he does not allege a protected activity. To prevail on a retaliation claim under Title VII, Plaintiff must prove (1) he engaged in protected activity; (2) he suffered a materially adverse employment

6

action; and (3) the materially adverse action was causally connected to his protected activity. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013). "Protected activity is 'an informal or formal complaint about, or other opposition to, an employer's practice or act . . . if the employee reasonably believes such an act to be in violation of the statute in question." *Petersen v. ProxyMed, Inc.*, 617 F. Supp. 2d 835, 844 (D.S.D. 2008) (quoting *Jeseritz v. Potter*, 282 F.3d 542, 548 (8th Cir. 2002)).

Plaintiff identifies the following conversations as his alleged "protected activity": (1) his conversations with his co-workers regarding the first-level supervisor's "prohibitive personnel practice" of hiring two of her white female friends from her former place of employment" (Doc. 1 at ¶2); and (2) his conversation with his first-level supervisor regarding the "prohibitive personnel practice" and the fearful work environment (*Id.* at ¶3). Although Title VII does not bar nepotism as a basis for hiring individuals, Plaintiff need only demonstrate a good faith, reasonable belief that the underlying challenged action violated the law. *Brannum v. Missouri Dep't of Corr.*, 518 F.3d 542, 547 (8th Cir. 2008) ("This court has held that a plaintiff employee need not establish that the conduct he opposed was in fact prohibited under Title VII to satisfy the first element. Rather, at least in the opposition clause context, [Plaintiff] must simply prove [he] had a good faith, reasonable belief that the underlying challenged conduct violated Title VII.") (internal citations and quotations omitted). In viewing the record in the light most favorable to this *pro se* non-moving party, a reasonable inference drawn from Plaintiff's allegation that the first-level supervisor's hiring of her friends was a "prohibited practice" is that Plaintiff had a good faith and, perhaps reasonable, belief that this activity was unlawful. Therefore, especially in consideration of Plaintiff *pro se* status and the stage of the litigation, the the Court will deny Defendant's Motion as it relates to Plaintiff's retaliation claim.

## C. Age Discrimination Claim

Defendant asserts that Plaintiff's age discrimination claim should be dismissed because Plaintiff fails to plead any factually allegations to show that he was terminated based on age or any facts that he was replaced by someone substantially younger. Pursuant to the Age Discrimination in Employment Act (ADEA), it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, Plaintiff is required to show he: "(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [his] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." *Holmes v. Trinity Health*, 729 F.3d 817, 822 (8th Cir. 2013) (internal quotations omitted).

Plaintiff checked the ADEA box on the first page of his Employment Discrimination Complaint. However, the only allegations in the Complaint that relate to a claim of age discrimination are: (1) his current age and birthdate which indicate that he was 49 years old at the time of his termination (Doc. 1 at 6) and (2) his EEOC decision, which includes a note that he alleged discrimination before that body (Doc. 1-1 at 1). Although in response to the Motion to Dismiss, Plaintiff alleges that he was replaced by a 41-year old (Doc. 6 at 12), this allegation is not contained in his Complaint and is not alone a sufficient allegation to establish age discrimination. In addition to alleging that he was replaced by someone substantially younger, Plaintiff must also allege a causal connection between his age and the adverse employment action, in this case, his termination. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 171 (2009). Therefore, the Court will dismiss Plaintiff's discrimination claim on the basis of age but allow

8

Plaintiff to file an amended complaint, if he so chooses, to address these deficiencies. However, Plaintiff is warned that an amended complaint will completely replace the Complaint. Thus, claims that are not re-alleged in the amended complaint are deemed abandoned, even those the Court has not herein otherwise dismissed. *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

**D. Racial Discrimination Claim**

Defendant asserts that Plaintiff's racial discrimination claim should be dismissed because Plaintiff fails to allege any facts support his claim that similarly situated employees received better treatment. However, in his reply brief, Defendant states, "While Plaintiff's age discrimination claim is not plausible, Plaintiff's race discrimination claim differs from his age discrimination claim in that Plaintiff at least alleged some facts in his Complaint that may plausibly demonstrate a racial issue based solely on his allegations" (Doc. 10 at 7). Further, Defendant concludes, "Due to the liberal construction afforded Plaintiff as a *pro se* litigant, it appears that Plaintiff's claim of race discrimination is the only claim that may have a chance of surviving Defendant's motion to dismiss for failure to state a claim" (Doc. 10 at 8). Although Defendant appears to have conceded his position, the Court will address the Defendant's argument regarding Plaintiff racial discrimination.

To state a claim for race based discrimination, Plaintiff must sufficiently allege that: "(1) he is a member of a protected class; (2) he met the legitimate expectations of his employer; (3) he suffered an adverse employment action; and (4) similarly situated employees that were not members of the protected class were treated differently." *Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir.2005). Defendant does not assert that Plaintiff failed to sufficiently allege the first three prongs of the standard, thus the Court will only address the fourth prong.

9

Plaintiff alleges that Defendant did not terminate two white female co-workers who created and spread the rumors of the prohibitive personnel practice or two white male co-workers who were aware of the practice. Further, Plaintiff alleges that his first-level supervisor admitted before the EEOC administrative judge that one of the white male co-workers was similarly situated to him. Accordingly, Plaintiff has sufficiently alleged that a similarly situated employee that was not a member of the protected class, a white male co-worker, was treated differently from him because the white co-worker was not terminated from his position for similar conduct. Therefore, the Court finds that Plaintiff has sufficiently alleged a claim of racial discrimination and the Court will deny Defendant's Motion to Dismiss as it relates to this claim.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **GRANTED, in part.** Plaintiff's USERRA claim is hereby dismissed without prejudice for want of subject matter jurisdiction. Plaintiff's ADEA claim is dismissed without prejudice with leave for Plaintiff to file an amended complaint within twenty-one (21) days from the date of this order. Plaintiff is again warned that an amended complaint will completely replace the Complaint and claims that are not re-alleged in an amended complaint are deemed abandoned.

A separate order of partial dismissal will accompany this memorandum and order.

Dated this 5th day of August, 2015.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE